# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARVIN JOHNSON,

                Plaintiff,

v.

JEFF LEPIANKA and K9 BRAVO,

                Defendants.

Case No. 19-CV-898-JPS

**ORDER**

      Plaintiff Marvin Johnson proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights when they arrested him with excessive force. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $3.11. 28 U.S.C. § 1915(b).

      The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff explains that on April 20, 2018, he had an encounter with the police that resulted in him running into an alley. (Docket #1 at 2). He was being pursued by Milwaukee Police Department Officers Jeff Lepianka and an officer identified only as "Murphy." Officers Lepianka and Murphy released a police dog, K-9 Bravo, to chase Plaintiff. Plaintiff stopped running and put his hands in the air. K-9 Bravo caught up to him and, realizing that Plaintiff was no threat, did nothing.

Lepianka followed K-9 Bravo and, upon reaching Plaintiff, kicked him, pushed him to the ground, and got on top of his back in order to place him in handcuffs. While Lepianka effectuated the arrest, his partner, Officer Murphy, put his knee on Plaintiff's neck. During this time, Plaintiff repeated, "I'm not resisting." While the officers forcefully arrested Plaintiff, K-9 Bravo came over and bit Plaintiff on his right hand, right forearm, left wrist, and the center of his back. Lepianka did not call off K-9 Bravo until he had already bitten Plaintiff repeatedly. Plaintiff was rushed to Saint

Luke's hospital, where he was treated for his wounds. Plaintiff requests compensatory and punitive damages, as well as proper training so that police officers stop using excessive force to arrest people. He also seeks therapy to cope with his injuries.

Arresting officers have "the right to use some degree of physical force or threat of force to effectuate [an] arrest," but the degree of force must not run afoul of the Fourth Amendment. *Stainback v. Dixon*, 569 F.3d 767, 772 (7th Cir. 2009). Whether a degree of force is reasonable under the Fourth Amendment is influenced by "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citations omitted). Here, the Court has no information about the crime for which Plaintiff was arrested, nor the level of threat that Plaintiff may have posed to the community. Nevertheless, Plaintiff alleges that he had surrendered and was not actively resisting arrest when he was assaulted by the officers and the K-9 Bravo. (Docket #1). Moreover, even if Plaintiff had been arrested for a violent offense, once he stopped actively resisting arrest and was in custody, it would have been unreasonable to allow a dog to bite him. *See Becker v. Elfreich*, 821 F.3d 920, 927 (7th Cir. 2016) (finding a post-surrender dog attack to be an unconstitutional use of force when it was clear that the suspect was not actively resisting arrest). The Court finds that Plaintiff may proceed on his Fourth Amendment claim for excessive force against Officer Lepianka. K-9 Bravo, on the other hand, must be dismissed. The Seventh Circuit has held that dogs are not people subject to Section 1983 suit, and Plaintiff's recourse is to sue the dog's owner, rather than the dog itself. *Dye v. Wargo*, 253 F.3d 296, 299–300 (7th Cir. 2001).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that defendant K-9 Bravo be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service;

**IT IS FURTHER ORDERED** that the defendant shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $346.89 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the

transferring institution shall forward a copy of this order along with plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined;

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 27th day of August, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge