UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARVIN JOHNSON,

                     Plaintiff,

v.                                            Case No. 19-CV-898-JPS

JEFF LEPIANKA,                    **ORDER**

                     Defendant.

Plaintiff filed this action on June 18, 2019. ECF No. 1. The Court screened the Complaint on August 27, 2019, and Defendant answered on June 10, 2020. ECF Nos. 8, 10. In its screening order, the Court instructed Plaintiff that he "must notify the Clerk of Court of any change of address"; failure to do so could "affect[] the legal rights of the parties." ECF No. 8 at 6. On August 24, 2020, Plaintiff informed the Court of a change of address, and stated that he had not heard anything about his case for over a year. ECF No. 12. Each of the Court's orders during the intervening year had been mailed to Plaintiff, and Defendant included a certificate of service with each of his filings, indicating that the same were served on Plaintiff via mail. Thus, even in this case's early stages, Plaintiff appears to not have been appropriately updating his address, as well as not diligently litigating his claims.

Thereafter, on November 2, 2021, the Court issued an order granting in part a motion to withdraw as counsel for Defendant. ECF No. 17. The copy of the order mailed to Plaintiff was returned as undeliverable, ECF No. 18, and so, on November 29, 2021, the Court issued an order to show cause. ECF No. 19. The Court ordered Plaintiff to respond by December 20,

2021 as to why this action should not be dismissed for failure to prosecute. *Id.* That order was also returned as undeliverable. ECF No. 20. The Court re-mailed copies of both orders to Plaintiff at the Milwaukee Secure Detention Facility ("MSDF"), which the Court gleaned was his new address,[1] on December 10, 2021 and December 22, 2021. ECF Nos. 20, 21. At this point, the Court had not received a filing from Plaintiff since his August 24, 2020 change of address. From a review of the docket, the most recent step Plaintiff took towards litigating his case was participating in the Federal Rule of Civil Procedure 26 telephone conference with Defendant on February 11, 2021. ECF No. 13 at 1. In light of all of this, the Court dismissed the action without prejudice for failure to prosecute on January 4, 2022. ECF Nos. 22, 23.

On January 10, 2022, in an envelope post-marked with his MSDF address, Plaintiff wrote to the Court and asked for the case not to be dismissed. ECF No. 24. In the same letter, Plaintiff asked the Court to appoint him counsel in order to "get this [case] resolved as soon as possible." *Id.* While Plaintiff may now wish to resolve his case as soon as possible, that sense of urgency was lacking while the case languished with no word from Plaintiff for nearly a year. The Court warned Plaintiff, including by mail *to MSDF*, that if he did not show cause by December 20, 2021 as to why the action should not be dismissed, it would dismiss the case for failure to prosecute. ECF No. 19. Plaintiff only sent the instant letter, in

---

[1]The Court did so notwithstanding that it is under no obligation to "independently investigate [Plaintiff's] whereabouts." *Shaffer v. Lashbrook*, 962 F.3d 313, 314 (7th Cir. 2020).

Page 2 of 4

Case 2:19-cv-00898-JPS   Filed 08/03/22   Page 2 of 4   Document 25

an envelope postmarked *from MSDF*, after the Court entered final judgment. ECF Nos. 23, 24. Even if Plaintiff only received the Court's filings shortly before mailing his letter, that would not "explain his lack of participation in the case" for nearly a year. *Shaffer*, 962 F.3d at 317. Indeed, Plaintiff knows how to change his address and did so once before. As the Seventh Circuit observed,

> [Plaintiff-prisoner] may not have received notice of the defendants' motions or the court's dismissal order; but, like all litigants, he was responsible for monitoring the status of his case by periodically checking the court's docket. This he failed to do, as the district court pointed out. That a litigant did not receive notice because he failed—for more than half a year—to track an active case is not "excusable neglect."

*Id.* Consequently, the Court will deny Plaintiff's request that his case not be dismissed. While Plaintiff's request for counsel is therefore moot, the Court notes that, as a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). In his letter, Plaintiff provides no information about his efforts to secure an attorney. Presumably, since this litigation was filed in mid-2019, he has had ample opportunity to either retain counsel or seek *pro bono* representation on his own. This too confirms Plaintiff's lack of diligence.

Accordingly,

**IT IS ORDERED** that Plaintiff's requests that his case not be dismissed and for appointment of counsel, ECF No. 24, be and the same are hereby **DENIED**. Plaintiff is reminded that his case was dismissed without prejudice. ECF Nos. 22, 23. Accordingly, he may refile his case if his claims

Page 3 of 4

Case 2:19-cv-00898-JPS    Filed 08/03/22    Page 3 of 4    Document 25

are not time-barred, but he must take care to follow the rules of litigation and diligently prosecute his claims if he chooses to do so.

Dated at Milwaukee, Wisconsin, this 3rd day of August, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge